UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GILBERT RAMON,

    Petitioner,

    v.                                   CAUSE NO. 3:25-CV-705 DRL-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Gilbert Ramon, a prisoner without a lawyer, filed a motion for a preliminary injunction seeking his immediate release. ECF 11. "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Instead, the issuance of an injunction is committed to the "sound discretion" of the district court. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

Mr. Ramon initiated this case by filing a habeas petition challenging his state conviction for rape and criminal deviate conduct for which he was sentenced in 2007.

ECF 1. On August 27, 2025, the court found that the petition was too vague to state any valid habeas claims and ordered Mr. Ramon to file an amended petition. ECF 4. As of the date of this order, he has not done so. Consequently, there are no valid habeas claims currently pending in this case, and Mr. Ramon cannot demonstrate a likelihood of success on the merits of his claims without asserting any valid claims.

Further, much of Mr. Ramon's motion focuses on his current conditions of his confinement rather than the lawfulness of his state conviction or sentence from 2007 that is the subject of this lawsuit. Specifically, he cites a purported murder attempt by correctional staff, vaccinations, and interference with law library access. The court cannot grant injunctive relief based on these matters because they are wholly unrelated to the subject of this lawsuit. *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir.1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Additionally, even if Mr. Ramon had raised these concerns in a related case, the court would find that he had not adequately demonstrated irreparable harm. Though Mr. Ramon may believe that correctional staff attempted to murder him during an excursion in December 2024, he provides no reasonable factual basis for this belief. His narrative includes no overt acts of violence or threats of violence by correctional staff. Moreover, his sentencing date suggests that he has remained alive after eighteen years in the custody

2

of the Indiana Department of Correction. It is similarly unclear why Mr. Ramon believes that medical staff intend to cause him harm by vaccinating him against various diseases. And Mr. Ramon may file an appropriate motion for additional time if needed due to limited access to the law library.

In sum, Mr. Ramon presently has no valid habeas claims pending in this case, and he raises matters that are unrelated to any potentially valid habeas claim. He also has not adequately demonstrated irreparable harm. As a result, the court denies the motion for a preliminary injunction.

For these reasons, the court DENIES the motion for a preliminary injunction (ECF 11).

SO ORDERED.

September 19, 2025               *s/ Damon R. Leichty*
                                 Judge, United States District Court